J-S49027-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSE ADORNO | |
| Appellant | No. 3236 EDA 2013 |

Appeal from the Judgment of Sentence October 17, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006316-2013

BEFORE:  OLSON, J., OTT, J., and STABILE, J.

MEMORANDUM BY OTT, J.:                       **FILED DECEMBER 24, 2014**

Jose Adorno appeals from the judgment of sentence imposed on October 17, 2013, in the Philadelphia County Court of Common Pleas.  The trial court imposed an aggregate sentence of seven and one-half to 25 years' imprisonment after Adorno entered a guilty plea to two counts of aggravated assault and one count of possession of a firearm without a license.[1] Contemporaneous with this appeal, Adorno's counsel has filed a petition to withdraw from representation and an **Anders** brief.[2]  Counsel's **Anders** brief challenges only the discretionary aspects of Adorno's sentence.  Because we

---

[1] 18 Pa.C.S. §§ 2702 and 6106, respectively.

[2] **Anders v. California**, 386 U.S. 738 (1967).  **See also Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981); **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009)

have identified one non-frivolous issue which entitles Adorno sentencing relief, we deny counsel's petition to withdraw, vacate the judgment of sentence, and remand for re-sentencing.

The facts underlying Adorno's guilty plea are as follows. On March 2, 2013, Adorno fired a gun at two teenagers on West Lehigh Street in Philadelphia. Adorno and one of the teens had previously argued over a girl. Although one of the victims was able to flee without injury, the other was nearly hit by a car as he ran away. Adorno continued to fire at the victim lying on the ground, and the victim suffered a serious gunshot wound to his buttocks. After Adorno's arrest, one of the victims received a text message from a third party indicating Adorno would give him $1,000 if he did not go to court. *See* N.T., 8/30/2012, at 10-12.

The case was submitted to a grand jury, which issued an indictment against Adorno on the following charges: attempted murder (two counts), aggravated assault (two counts), intimidation of a witness, persons not to possess firearms and possession of a firearm without a license.[3] On August 30, 2013, Adorno entered an open guilty plea to two counts of aggravated assault and one count of possession of a firearm without a license. In exchange for the plea, the Commonwealth withdrew the remaining charges.

_____

[3] 18 Pa.C.S. §§ 901, 2502, 2702(a)(1), 4952(a)(1), 6105, and 6106, respectively.

On October 17, 2013, the trial court imposed concurrent, mandatory minimum sentences of five to 20 years' imprisonment for each count of aggravated assault,[4] and a consecutive sentence of two and one-half to five years' imprisonment for possession of a firearm without a license, for an aggregate sentence of seven and one-half to 20 years' incarceration. Adorno filed a motion for reconsideration of sentence, which the trial court denied on October 28, 2013. This timely appeal followed.[5]

When direct appeal counsel files a petition to withdraw and accompanying *Anders* brief, we must first examine the request to withdraw before addressing any of the substantive issues raised on appeal. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). Here, our review of the record reveals that counsel has substantially complied with the requirements for withdrawal outlined in *Anders*, *supra*, and its progeny. Specifically, counsel filed a petition for leave to withdraw, in which he states his belief that the appeal is frivolous,[6] filed an *Anders*

_____

[4] The mandatory minimum five-year term was imposed pursuant to 42 Pa.C.S. § 9712(a) because Adorno visibly possessed a firearm during the commission of a crime of violence. 42 Pa.C.S. § 9712(a).

[5] On November 19, 2013, the trial court ordered Adorno to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). After receiving an extension of time, on February 7, 2014, counsel filed a statement of his intent to file an *Anders* Brief, pursuant to Pa.R.A.P. 1925(c)(4).

[6] In order to withdraw from a direct appeal, counsel must aver that he believes the appeal is frivolous. *See Commonwealth v. Smith*, 700 A.2d
*(Footnote Continued Next Page)*

brief pursuant to the dictates of **Santiago**, **supra**, furnished a copy of the **Anders** brief to Adorno, and advised Adorno of his right to retain new counsel or proceed *pro se*. **Commonwealth v. Ferguson**, 761 A.2d 613, 616 (Pa. Super. 2000). Moreover, the record contains no additional correspondence from Adorno. Accordingly, we will proceed to examine the record and make an independent determination of whether the appeal is wholly frivolous.

We review this appeal on the basis of the issue identified in the **Anders** brief, that is, whether the sentence imposed by the trial court was an abuse of discretion. Because the right to appeal the discretionary aspects of a sentence is not absolute, in order to reach the merits of such a claim, this Court must first determine:

> (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*(Footnote Continued)* ─────────────

1301, 1305 n.10 (Pa. Super. 1997) ("This Court has repeatedly held that frivolous is not the same as meritless; '[a]n appeal is frivolous where it lacks any basis in law or fact.'"). Although counsel stated in his petition to withdraw that he believes "there are no meritorious issues to raise on appeal[,]" he appears to acknowledge in the **Anders** brief his belief that the appeal is frivolous. **See** Petition to Withdraw as Counsel, 3/27/2014, ¶ 2; **Anders** Brief at 7, 8. Therefore, we find that counsel has minimally satisfied the requirements of **Anders** and its progeny. However, we caution counsel, in any future requests to withdraw, to clearly state his conclusion that any appeal would be frivolous.

- 4 -

*Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa. Super. 2011) (footnotes omitted).

Here, Adorno filed both a timely motion for reconsideration of sentence, and a timely appeal. Although the **Anders** brief does not include the requisite statement of reasons relied upon for appeal pursuant to Pa.R.A.P. 2119(f), we may disregard this omission if the Commonwealth fails to object. **See Commonwealth v. Antidormi**, 84 A.3d 736, 759 (Pa. Super. 2014), *appeal denied*, 95 A.3d 275 (Pa. 2014). Here, the Commonwealth neglected to file a timely appellee brief, despite this Court's grant of an extension of time to do so.[7] As such, we will not consider the Commonwealth's untimely brief on appeal. **See Commonwealth v. Tisdale**, 100 A.3d 216, 217 (Pa. Super. 2014). Therefore, we will presume the Commonwealth did not object to the briefing defect and proceed to a determination of whether Adorno raised a substantial question justifying our review.

A substantial question exists when an appellant sets forth "a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms

---

[7] On April 30, 2014, this Court granted the Commonwealth an extension of time to file an appellee brief until June 30, 2014. Order, 4/30/2014. The order stated "[n]o further extensions will be granted." **Id.** The Commonwealth did not file a brief in this appeal until more than two months later, on September 2, 2014.

underlying the sentencing process." *Commonwealth v. Ventura*, 975 A.2d 1128, 1133 (Pa. Super. 2009), *appeal denied*, 987 A.2d 161 (Pa. 2009) (citation omitted).

Neither the motion for reconsideration of sentence nor the *Anders* brief sets forth a specific challenge to Adorno's sentence. Rather, the *Anders* brief asserts that the sentence imposed by the trial court did not exceed the sentencing guidelines or the statutory maximum. *See Anders* Brief at 8. Therefore, we conclude Adorno has failed to present a substantial question that his sentence "is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process." *Ventura*, *supra*, 975 A.2d at 1133.

Nevertheless, as mandated by law, we have independently reviewed the record. In doing so, we uncovered one non-frivolous issue for our consideration, namely, whether the mandatory minimum five-year sentences imposed on Adorno's convictions of aggravated assault are illegal in light of the United States Supreme Court's decision in *Alleyne v. United States*, 133 S.Ct. 2151 (U.S. 2013).[8] Because this issue involves a question of law

_____

[8] Although Adorno did not challenge his sentence on this basis in his post-sentence motion, we have held that such a claim implicates the legality of a sentence and cannot be waived on appeal. *See Commonwealth v. Newman*, 99 A.3d 86, 90 (Pa. Super. 2014) (*en banc*). Nevertheless, we note that the Pennsylvania Supreme Court recently granted *allocatur* on this exact issue. *See Commonwealth v. Johnson*, 93 A.3d 806 (Pa 2014) (granting *allocatur* to consider, *inter alia*, "[w]hether a challenge to a
*(Footnote Continued Next Page)*

and the record is complete for our review, we decline to remand for an advocate's brief, and accordingly, proceed to a consideration of the issue on its merits. *See Commonwealth v. Mitchell*, 986 A.2d 1241, 1244 (Pa. Super. 2009) (remanding *Anders* appeal for resentencing when court imposed an illegal sentence, without first requiring advocate's brief).

In *Alleyne*, the United States Supreme Court held "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be **submitted to the jury** and found **beyond a reasonable doubt**." *Alleyne*, 133 S.Ct. at 2155 (emphasis supplied). The Court expanded upon its previous holding in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which applied only to facts that increase the **statutory maximum** for a crime, to include facts which increase the **minimum** sentence. *Id.*

In *Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014) (*en banc*), an *en banc* panel of this Court concluded that *Alleyne* rendered the mandatory minimum sentencing provision of a similar statute, 42 Pa.C.S. § 9712.1, unconstitutional. Section 9712.1 provides for a mandatory minimum five-year prison term when a defendant possesses, or is in close proximity to a firearm, while selling illegal drugs. *See* 42 Pa.C.S. § 9712.1(a). Like the statute at issue herein, subsection (c) of that statute

*(Footnote Continued)* ───────────────

sentence pursuant to *Alleyne* [] implicates the legality of the sentence as and is therefore non-waivable.").

- 7 -

permits the trial court to determine at sentencing whether the elements necessary to increase the mandatory minimum sentence were proven by a preponderance of the evidence. *See* 42 Pa.C.S. § 9712.1(c)

In *Newman*, a jury convicted the defendant of, *inter alia*, possession with intent to deliver cocaine when, during the execution of a search warrant, drugs were found in a bathroom in the defendant's house. During the search, the police also found a firearm under a mattress in a bedroom across the hall. *Newman*, *supra*, 99 A.3d at 88. Based upon its determination, by a preponderance of the evidence, that the drugs and firearm were in close proximity to each other, the trial court applied the section 9712.1 mandatory minimum. However, the *Newman* Court vacated the judgment of sentence on appeal, holding that *Alleyne* renders section 9712.1 unconstitutional. The Court opined:

> Plainly, Section 9712.1 can no longer pass constitutional muster. It permits the trial court, as opposed to the jury, to increase a defendant's minimum sentence based upon a preponderance of the evidence that the defendant was dealing drugs and possessed a firearm, or that a firearm was in close proximity to the drugs. Under *Alleyne,* the possession of the firearm must be pleaded in the indictment, and must be found by the jury beyond a reasonable doubt before the defendant may be subjected to an increase in the minimum sentence. As that is not the case instantly, we are constrained to vacate appellant's sentence and remand for resentencing without regard for any mandatory minimum sentence prescribed by Section 9712.1.

*Id.* at 98.

Furthermore, the *Newman* Court rejected the Commonwealth's suggestion that the illegality of the statute could be remedied upon remand,

by empanelling a jury to consider whether the Commonwealth proved, beyond a reasonable doubt, the factors necessary to impose the mandatory minimum. The Court held:

> We find that Subsections (a) and (c) of Section 9712.1 are essentially and inseparably connected. Following **Alleyne**, Subsection (a) must be regarded as the elements of the aggravated crime of possessing a firearm while trafficking drugs. If Subsection (a) is the predicate arm of Section 9712.1, then Subsection (c) is the "enforcement" arm. Without Subsection (c), there is no mechanism in place to determine whether the predicate of Subsection (a) has been met.

*Id.* at 101. The **Newman** Court concluded "it is manifestly the province of the General Assembly to determine what new procedures must be created in order to impose mandatory minimum sentences in Pennsylvania following *Alleyne.* We cannot do so." *Id.* at 102.

Following the *en banc* decision in **Newman**, this Court has subsequently applied the same reasoning to invalidate other mandatory minimum statutes that include similar provisions permitting the trial court to make factual determinations at sentencing under the relaxed preponderance of the evidence standard. **See Commonwealth v. Bizzel**, ___ A.3d ___, 2014 PA Super 267 (Pa. Super. December 2, 2014) (vacating mandatory minimum sentencing imposed pursuant to drug-free school zone statute, 18 Pa.C.S. § 6317); **Commonwealth v. Cardwell**, ___ A.3d ___. 2014 PA Super 263 (November 25, 2014) (vacating mandatory minimum sentence imposed based upon amount of drugs recovered pursuant to 18 Pa.C.S. § 7508); **Commonwealth v. Fennell**, ___ A.3d ___, 2014 PA Super 261 (Pa.

- 9 -

Super. November 21, 2014) (same); **Commonwealth v. Valentine**, 101 A.3d 801 (Pa. Super. 2014) (vacating mandatory minimum sentence imposed pursuant to 42 Pa.C.S. §§ 9712 and 9713, for committing a crime of violence with a firearm and in or near public transportation).

The case *sub judice* presents a different procedural posture than that presented in **Newman**. Here, Adorno knowingly and voluntarily waived his right to a jury trial, and entered a guilty plea. It defies acceptable judicial jurisprudence that a defendant can waive his right to a jury trial, but cannot waive his right to have a jury determine if the elements necessary to impose a mandatory minimum sentence are present. Nevertheless, based upon the holding in **Newman**, the **entire mandatory minimum statute** applied herein is unconstitutional in light of **Alleyne**, and this Court is not empowered, absent legislative guidance, to create a new procedure "in order to impose mandatory minimum sentences in Pennsylvania following **Alleyne**." **Newman**, *supra*, at 102-103. Therefore, we are compelled to vacate the judgment of sentence imposed herein, and remand for resentencing, without application of the Section 9712 mandatory minimum.

Accordingly, because we have found one non-frivolous issue in Adorno's appeal, we deny counsel's petition to withdraw. Furthermore, since we are constrained by **Newman**, we conclude the trial court erred in applying the Section 9712 mandatory minimum sentence to Adorno's

convictions of aggravated assault, we vacate the judgment of sentence and remand for resentencing.

Judgment of sentence vacated. Case remanded for resentencing consistent with this memorandum. Petition to withdraw as counsel denied. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/24/2014